### C. L. RILEY v. BELLEVIEW TRADING COMPANY, INC. AND ANOTHER.[1]

February 27, 1925.

No. 24,338.

**Verdict for broker's commission sustained—defendants' points without merit.**
Appeal found to be without merit.
*Headnote 1. See Appeal and Error, 4 C. J. p. 1129, § 3122.

Action in the municipal court of Minneapolis to recover $563.25. The case was tried before Reed, J., and a jury which returned a verdict for $550 and interest. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Einar Hoidale* and *E. A. Waters,* for appellants.
*John F. Bernhagen* and *H. E. Maag,* for respondent.

[1]Reported in 202 N. W. 441.

PER CURIAM.

Action to recover a commission on the exchange of real estate. After a verdict for plaintiff, defendants appeal from the order denying their motion for a new trial. The record and appellant's brief have received attentive consideration. They not only fail to show any cause for a reversal, but indicate that the appeal itself is wholly without merit.

The evidence is conflicting, but there is plenty in support of the verdict. Some objections to questions put on behalf of defendants concerning the activities of another broker were sustained when they might better have been overruled, but later the whole subject matter was gone into so that the error, if any, was cured.

The charge required a verdict for defendants, if plaintiff was acting for the other party to the deal. It was also against a recovery, unless plaintiff by a clear preponderance of evidence showed himself to be the procuring cause of the exchange. There is therefore nothing to the argument that it was error not to charge specifically that the verdict must be for defendants, if some broker other than plaintiff was the procuring cause of the trade. That is especially true because there was no intimation at the trial that the charge was inadequate.

The evidence for plaintiff, admitted without objection, was that the commission was to be at the "board" rates. It was not suggested at the trial that the recovery, if any, could be measured in any other way. It was too late therefore to raise the point for the first time upon the motion for a new trial.

Affirmed.